# ORIGINAL

## In the United States Court of Federal Claims

**NOT FOR PUBLICATION**
No. 15-506C
(Filed:  July 10, 2015)

**FILED**

JUL 1 0 2015

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| CHARLES A. McKUHN, Jr. ) | |
| ) | |
| ) | Prisoner Litigation; Motion to Proceed |
| Pro Se Plaintiff, ) | In Forma Pauperis; Lack of |
| ) | Jurisdiction; Claim Seeking to Make |
| v. ) | Payment to the United States; United |
| ) | States Treasury |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ORDER DISMISSING CASE

Plaintiff Charles A. McKuhn filed a motion for leave to proceed <u>in forma pauperis</u> on June 5, 2015 (ECF No. 4).[1]  However, because the plaintiff is currently incarcerated, he is required to attach "a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint" to his motion.  28 U.S.C. § 1915(a)(2).  On June 16, 2015, this court issued and order (ECF No. 5) holding plaintiff's motion in abeyance and ordering that plaintiff had until June 30, 2015 to supplement his motion.  The order also stated that if plaintiff failed to supplement his motion by that time, his case would be dismissed.  The court has now received Mr. McKuhn's trust fund statement.  However, upon review of his complaint, the court finds that it lacks jurisdiction over this case.  Therefore, the motion to proceed <u>in forma pauperis</u> is **GRANTED** for the limited purpose of this order, and the complaint is **DISMISSED** for lack of jurisdiction.

---

[1] In his complaint, Mr. McKuhn styled himself as the "Defendant – Buyer" and the "U.S Treasury, Internal Revenue SVC" as the "Plaintiff – Seller, Payee" (ECF No. 1).  Mr. McKuhn also lists "Documentary Collection Agent" as a separate party, but does not indicate whether it is a plaintiff or a defendant.  This court construes Mr. McKuhn's complaint as one brought by him against the government, and thus refers to him as "plaintiff" throughout this order.

Mr. McKuhn filed the complaint, entitled "Complaint/Petition for Leave to Make Demand Deposit of Tender of Payment for Counterclaim and Satisfaction," on May 15, 2015 from the prison in which he is currently incarcerated.[2] It is difficult to state precisely what Mr. McKuhn seeks to accomplish in this case. Mr. McKuhn's complaint and the letter attached to his motion to proceed in forma pauperis, in which he refers to himself as the "Occupant of the Office of Executor of the Charles Anderson McKuhn Jr. Estate," are difficult to understand. Mr. McKuhn has attached to his complaint a "Notice of Penalty Charge" from the IRS stating that he has been charged a civil penalty of $10,000 for filing frivolous tax returns. According to the notice, as of April 27, 2015, Mr. McKuhn owed a total of $25,011.51 in taxes, including the $10,000 penalty. In his complaint, Mr. McKuhn states that he "moves the court, pursuant to Rule 67(a) of the Fed. R. Civ. P.,[3] for leave to make a demand deposit the sum of $75,000.00 for assignment of claim by transfer for the setoff of debt obligation arising out of the contract with the plaintiff-payor [i.e. the U.S. Treasury]." Compl. 1. Plaintiff has also attached a "Guaranteed Bull of Exchange – International Trade Finance" in which he seems to be ordering payment of $75,000 to the "Secretary of the Treasury, U.S. Department of the Treasury, Internal Revenue Service" to be paid from the Federal Reserve Bank of the United States, FRB-Richmond, VA." Compl. 3.

Whatever Mr. McKuhn intended, it is clear that the court does not have jurisdiction over his complaint. A pro se plaintiff, such as Mr. McKuhn, is entitled to a liberal construction of the pleadings. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, a pro se plaintiff must still satisfy the court's jurisdictional requirements. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004) ("This latitude, however, does not relieve a pro se plaintiff from meeting jurisdictional requirements."), aff'd, 98 F. App'x 860 (Fed. Cir. 2004). The Tucker Act limits the jurisdiction of the Court of Federal Claims to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or

---

[2] Following his conviction on February 7, 2011 in the Western District of Tennessee for seven counts of fraud, Mr. McKuhn was sentenced to 210 months in prison. According to the Sixth Circuit's opinion in Mr. McKuhn's direct appeal, the scheme involved Mr. McKuhn convincing individuals and churches struggling to make monthly mortgage payments that he could reduce their debts in exchange for an upfront fee. United States v. McKuhn, 518 F. App'x 375, 377 (6th Cir. 2013). The jury found that 194 individuals and 22 churches were victims of the fraud, and as a consequence, "[m]any lost their homes, barely escaped foreclosure or were forced to declare bankruptcy. . . . . The total losses from the fraud exceeded $3.1 million." Id.

[3] Federal Rule of Civil Procedure 67(a) provides for the deposit of money or other subjects of litigations with the court. The Rules of the United States Court of Federal Claims has no equivalent rule.

2

upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). In addition to the Tucker Act, in order to establish jurisdiction in this court, a complaint must be based on a statute, regulation, or constitutional provision that "'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" Jan's Helicopter Serv., Inc. v. F.A.A., 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting United States v. Mitchell, 463 U.S. 206, 216-17(1983)).

Far from identifying a money-mandating statute and stating a claim that the government owes him money, Mr. McKuhn appears to seek to pay money to the government.  Therefore, even under the most generous reading, he does not state any claim over which this court has jurisdiction.  Further, this court finds that Mr. McKuhn's complaint is frivolous and fails to state a claim upon which relief may be granted for the purposes of 28 U.S.C. § 1915A(b)(1) (requiring judges to review claims from prisoners against the government and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief can be granted")  and 28 U.S.C. § 1915(g) (a prisoner may not proceed in forma pauperis if the prisoner has brought three or more civil actions against the United States which were dismissed on the grounds that they were "frivolous, malicious, or fails to state a claim upon which relief can be granted").

Therefore, for the reasons stated above, this complaint in the above-captioned case is now **DISMISSED**.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge

3